UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

MICHAEL MEADOR,

     Petitioner,

V.

HECTOR JOYNER,

     Respondent.

Civil Action No. 7:19-cv-30-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Meador, an inmate at the United States Penitentiary—Big Sandy in Inez, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] Meador claims he is "actually innocent" of his various offenses of conviction and seeks to be immediately released from prison. But because Meador does not identify any intervening changes in statutory law that apply to his sentence, Meador's claims are not appropriate in this § 2241 proceeding. The Court, therefore, **DENIES** his petition.

**I**

In 2009, a jury found Michael Meador guilty of conspiracy to distribute and possess fifty kilograms or more of marijuana, interstate travel or transportation in aid of racketeering, and possession of a firearm in furtherance of a drug trafficking crime resulting in murder. [*See United States v. Meador*, Case No. 1:06-cr-134-DCP (E.D. Mo. 2006), R. 577, therein.] The Eastern District of Missouri subsequently sentenced Meador to life in prison. [*Id.* at R. 642, therein.]

In 2010, the Eighth Circuit Court of Appeals upheld Meador's conviction, [*id.* at R. 697, therein], and in 2011, the Supreme Court of the United States denied Meador's petition for a writ of certiorari. [*Id.* at R. 707, therein.] Meador then filed various petitions under 28 U.S.C. § 2255 seeking habeas relief, but all of his attempts were denied. [*See, e.g.*, *id.* at R. 740; *see also Meador v. United States*, No. 1:12-cv-36-CDP (E.D. Mo. 2012), R. 25, therein.]

Meador now seeks relief in this Court by way of a 28 U.S.C. § 2241 petition, which is before the Court for a § 2243 preliminary screening. [*See* R. 1.] Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Meador's petition under a more lenient standard because he is proceeding without an attorney and, at this stage of the proceedings, accepts Meador's factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II

Despite the more lenient construction afforded to *pro se* filings, the Court finds that Meador is not entitled to his requested relief under § 2241. Meador's petition sets forth five grounds for habeas relief. Ground one alleges that Meador suffers from mental disabilities and that he has not been treated fairly in court because of those disabilities. [R. 1 at 7.] Grounds two through five argue that Meador is "actually innocent" of the three statutes he was convicted of violating. [*Id.* at 12-28.] All of these claims are challenges to the constitutionality of Meador's underlying conviction, which are generally inappropriate in a § 2241 petition.

While a federal prisoner may challenge the legality of his conviction and sentence in a §

2255 habeas petition brought before the prisoner's sentencing judge, a prisoner may generally not

challenge his conviction and sentence in a § 2241 petition filed in his district of confinement.  Such

§ 2241 challenges may only proceed where the 28 U.S.C. § 2255(e) savings clause applies, and

that savings clause is triggered in very narrow circumstances.  *See United States v. Peterman*, 249

F.3d 458, 461 (6th Cir. 2001).  For instance, to proceed under § 2241, a prisoner's remedy under

28 U.S.C. § 2255 must be inadequate or ineffective, and the prisoner must demonstrate that an

intervening change in statutory law establishes his actual innocence.  *See Wooten v. Cauley*, 677

F.3d 303, 307-08 (6th Cir. 2012).

Notably, a motion under § 2255 is not "inadequate or ineffective" simply because the

prisoner's time to file a § 2255 motion has passed, because he did not file a § 2255 motion, or

because he did file such a motion and was denied relief.  *See Copeland v. Hemingway*, 36 F. App'x

793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241

is available "only when a structural problem in § 2255 forecloses even one round of effective

collateral review . . . .").  Further, a petitioner must contend he is "actually innocent" by showing

that, after his conviction became final, the Supreme Court reinterpreted the substantive terms of a

statute under which he was convicted in a manner that establishes that his conduct did not violate

the statute after all.  *Wooten*, 677 F.3d at 307-08 (citing *Peterman*, 249 F.3d at 461-62).

While Meador repeatedly contends he is "actually innocent" of the charges for which he

was convicted, Meador's petition fails to articulate why § 2255 is an effective remedy for his

claims.  Further, regardless of whether or not Meador is foreclosed from proceeding under § 2255,

Meador has not directed the Court to any intervening and retroactive changes in statutory law that

apply to his case. *See Wooten*, 677 F.3d at 307-08. Indeed, Meador's petition appears to reference only three cases of any kind, with little explanation of how those cases provide him with any relief.

First, Meador makes passing reference to the Supreme Court's "Demaya" holding. [R. 1 at 12.] Assuming Meador meant to reference *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Meador does not connect that case to any of his five grounds for relief. *Dimaya* found the residual clause in the federal criminal code's definition of "crime of violence" set forth in 18 U.S.C. § 16(b) and incorporated into the Immigration and Nationality Act was impermissibly vague. The present petition makes no argument about the applicability of that holding to Meador's sentence. Put another way, *Dimaya* was concerned with the constitutionality of a particular sentencing enhancement for a prior crime of violence, but Meador's petition does not contend his sentence was improperly enhanced based on a prior conviction for a crime of violence. Instead, the petition states only that "his rights were violated when the jury heard about a crime of violence."[1] [R. 1 at 12.]

Further, Meador attaches one page of Justice Alito's concurrence in the 2014 Supreme Court decision *Rosemond v. United States*, 134 S. Ct. 1240 (2014), and one page of a concurrence in a *Rosemond*-related Tenth Circuit opinion, *United States v. Davis*, 750 F.3d 1186 (10th Cir. 2014). [R. 1 at 13-14.] Like with *Dimaya*, Meador's petition makes no actual arguments regarding *Rosemond* or *Davis*. But even assuming Meador hoped to invoke *Rosemond* as an intervening change in statutory law, that attempt fails. Meador's judgment was imposed in 2009, *Rosemond* was decided in March 2014, and according to the Sixth Circuit Court of Appeals, "the Supreme Court has not made *Rosemond* retroactive on collateral review." *Velez v. United States*, No. 17-

---

[1] This is an apparent reference to *Rosemond v. United States*, which addresses the appropriate jury instructions where a defendant is charged with aiding and abetting the use of a firearm during a federal drug trafficking offense. *See Rosemond*, 134 S. Ct. 1240 (2014). But, in any event and as explained below, the Sixth Circuit has recognized that *Rosemond* has not been made retroactive on collateral review such that it would have an impact on Meador's case.

5369, 2017 WL 10402847, at *2 (6th Cir. Sept. 1, 2017). Meador, therefore, is entitled to no relief from the opinion excerpts he attached to his petition.

At the end of the day, the pending § 2241 petition concerns arguments that Meador needed to make on direct appeal or in a § 2255 proceeding. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014). Meador has drawn the Court's attention to no retroactive changes in statutory interpretation, and the savings clause set forth in 28 U.S.C. § 2255(e) does not apply. Accordingly, 28 U.S.C. § 2241 affords Meador no relief, and his petition will be denied.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    Meador's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**;

2.    This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3.    Judgment will be entered contemporaneously herewith.

Dated April 10, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY